**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL CHAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DRAFTKINGS INC. and GUS III LLC,<br><br>*Defendants*. | Case No. 1:26-cv-013442-DJC<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| JASON GORDON, ARIE WEISSMANN, and JOHNNY HARRIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DRAFTKINGS, INC. and GUS III, LLC /D/B/A/ DRAFTKINGS PREDICTIONS,<br><br>*Defendants*. | Case No. 1:26-CV-13525-DLC<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

## INTRODUCTION

Each of the above-captioned cases seeks to hold Defendants DraftKings Inc. and GUS III, LLC d/b/a DraftKings Predictions (collectively, "Defendants" or "DraftKings") to account for operating an unlicensed sports-betting platform in certain U.S. jurisdictions, in violation of state gambling laws and to the detriment of consumers. As set forth below, Plaintiffs seek entry of an order consolidating these related matters pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.1. Plaintiffs further seek the appointment of Kaplan Fox & Kilsheimer LLP ("KFK") and Bryson Harris Suciu & DeMay ("Bryson") as Interim Co-Lead Class Counsel for Plaintiffs and the putative class, and Berman Tabacco as Local Counsel, pursuant to Federal Rule of Civil Procedure 23(g). Resumes for proposed Interim Co-Lead Class Counsel and Local Counsel are attached as Exhibits A to the Schwartz Declaration that accompanies this Motion.

The proposed order submitted herewith grants this relief and sets a schedule to move these cases forward on a single track. It relieves Defendants of the need to respond to the initial complaint in each case and requires Plaintiffs to file a single consolidated amended complaint within 30 days of the Court's order appointing Interim Co-Lead Class Counsel.

Before filing this motion, Plaintiffs' counsel conferred with counsel for Defendants, pursuant to Local Rule 7.1. Defendants' counsel agrees that the cases are related pursuant to Local Rule 40.1 but opposes consolidation pursuant to FRCP 42(a). Defendants' counsel also agrees to permit Plaintiffs to file an amended complaint following entry of an order on this motion but takes the position that appointment of Interim Co-Lead Class Counsel is premature.

## RELEVANT BACKGROUND

DraftKings owns and operates an online sports betting platform, DraftKings Sportsbook ("Sportsbook") and an app-based "predictions market," DraftKings Predictions ("Predictions"). In most states that permit online sports betting, DraftKings operates its sportsbook under a license

and subject to the oversight of the pertinent state gaming regulators. In states that prohibit online sports betting (and in states that permit it but have not licensed DraftKings to operate) DraftKings has found another way in: it deploys Predictions to evade those states' gambling laws, regulations, and prohibitions, and sells consumers sports bets that are functionally identical to the wagers in its regulated sportsbook. These wagers are identical in substance, identical in risk, and offered through the very same "super" app.

Both lawsuits allege that by operating an unlicensed online sports betting enterprise in states where online sportsbooks are illegal (and in states that permit online gambling but have not licensed DraftKings to operate), DraftKings has violated state gambling prohibitions and consumer protection laws by engaging in unlawful, unfair, and deceptive conduct. Both lawsuits also allege that DraftKings has unjustly enriched itself at the expense of thousands of consumers. The cases pending in this Court are listed below:

1. *Michael Chan, individually and on behalf of all others similarly situated, v. DraftKings Inc. and Gus III LLC, Defendants*, Case No. 1:26-cv-13442-DJC (D. Mass.), filed by KFK and Berman Tabacco on July 28, 2026 (the "*Chan* action").

2. *Jason Gordon, Arie Weissmann, and Johnny Harris, individually and on behalf of all others similarly situated*, *v. DraftKings Inc. and Gus III, LLC d/b/a DraftKings Predictions,* Case No. 1:26-cv-13525-DLC (D. Mass.), filed by Bryson on August 3, 2026 (the "*Gordon* action").

**ARGUMENT**

**I. The Related Actions Should Be Consolidated**

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a).

The Court of Appeals for the First Circuit has explained that "a motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Seguro de*

*Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (citation omitted). In evaluating a motion to consolidate, the court first determines "whether the two proceedings involve a common party or common issues of fact or law." *Id*. "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id*. The second inquiry turns on "the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense, and 'any confusion, delay, or prejudice that may result from consolidation.'" *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001) (citation omitted). Class action suits are "particularly well-suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Carr v. Analogic Corp.*, No. 18-CV-11301-ADB, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018) (*quoting Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No.13-CV-05368-LHK, 2014 WL 2604991 at *3 (N.D. Cal. June 10, 2014)).

As noted above, the complaints in the above-captioned cases: (1) relate to common factual allegations and legal theories; (2) assert multiple common causes of action against the same Defendants, related to the same factual underpinnings, and seek the same relief in response to the same misconduct (*i.e.*, operating an unlicensed online sports betting enterprise in states where online sportsbooks are illegal); and (3) seek certification of similar or overlapping classes. *Cf. In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (consolidating actions where the "complaint filed in each of these five cases is in essence the same complaint, including the same named defendant and the same allegations in support of the claims.").

Consolidation of these related actions is, therefore, warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. *See e.g.*, *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (agreeing that consolidation of two cases involving "nearly identical facts" and "overlapping legal claims" would be "cost effective and less time consuming for the parties"); *Bettinelli v. Wells Fargo Home Mortg., Inc.*, No. 09-11053-MLW, 2010 WL 2998608, at *1 (D. Mass. July 23, 2010) (consolidating two class action complaints because of the "striking similarity" between the class allegations where the two cases would be subject to similar dispositive motion practice and class certification issues); *Gilliam v. Fidelity Mgmt. & Research Co.*, No. CIV.A. 04-11600NG, 2005 WL 1288105, at *5 (D. Mass. May 3, 2005) (consolidating five similar class actions).

Consolidation will also avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. Indeed, the Actions are in their early stages, and neither discovery nor class certification proceedings have yet commenced. But even at this early stage, it is clear that the cases will require many of the same documents and witnesses given the overlapping complaints, which further favors consolidation. *See Americus Mortg. Corp. v. Mark*, No. CIV.A. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013) (finding consolidation warranted because it "avoids conducting duplicate hearings and duplicate discovery").

The related actions present the quintessential consolidation scenario, and the Court should consolidate them to ensure judicial economy and preserve party resources.

## II. The Court Should Appoint Interim Co-Lead Class Counsel

"Prior to determining whether to certify an action as a class action, the court may designate interim counsel to act on behalf of a putative class[.]" *Smith v. ZOLL Med. Corp.*, No. 1:23-CV-

10575-IT, 2024 WL 278264, at *1 (D. Mass. Jan. 25, 2024) (*quoting* Fed. R. Civ. P. 23(g)(3)). Early appointments are especially beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Arkansas Tchr. Ret. Sys. v. State St. Corp.*, No. CV 11-10230-MLW, 2012 WL 13118446, at *1 (D. Mass. Jan. 12, 2012). Early appointments are particularly important where, as here, other cases may be filed by other counsel in this and other courts. *See, e.g., Piercy v. AT&T Inc.*, 348 F.R.D. 1, 3 (D. Mass. 2024). In short, appointing Interim Co-Lead Class Counsel here will create efficiencies for the Parties and the Court, and avoid uncertainty over who speaks for the putative Class. For these reasons, Plaintiffs respectfully request that the Court appoint KFK and Bryson as Interim Co-Lead Class Counsel and Berman Tabacco as Local Counsel. These firms are best positioned to litigate this action effectively and to pursue the strongest possible recovery for Plaintiffs and the putative Class.

While Rule 23(g)(3) does not identify particular requirements for making an interim designation, courts generally refer to factors listed in Rule 23(g)(1)(A) when appointing interim class counsel, *Piercy*, 348 F.R.D. at 3, including: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1). As discussed below, each of the relevant Rule 23(g) factors demonstrate that proposed Interim Co-Lead Counsel are best able to fairly and adequately represent the interests of the class.

### A. The Work That Proposed Interim Co-Lead Class Counsel Have Already Done Supports Their Appointment.

Federal Rule of Civil Procedure 23(g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" the claims in the action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Class Counsel have already devoted substantial time and resources to work that has benefited, and will continue to benefit, the class, including: investigating and researching the legal theories and claims at issue; investigating and researching the factual bases for those claims; monitoring and analyzing developments in the dynamic and related litigation concerning Defendants and competitor prediction markets; and drafting and serving demand letters on Defendants under the Massachusetts Consumer Protection Act ("93A"), G.L. c. 93A, § 9(3), and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1782.

Through this detailed investigation and their communications with clients and others affected by the alleged conduct, counsel is already familiar with the facts and legal issues this matter presents. Counsel have likewise demonstrated the ability to work cooperatively with Defendants and others, including other plaintiffs' counsel, and intend to implement protocols to ensure the efficient, non-duplicative, and cost-effective prosecution of this action. They stand ready, willing, and able to continue devoting the substantial effort and resources—including the advancement of costs—necessary to prosecute Plaintiffs' and putative class members' claims. The Rule 23(g)(1)(A)(i) factor is satisfied.

### B. Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Consumer Protection Class Actions.

The Rule 23(g)(1)(A)(ii)-(iii) factors are also satisfied. As demonstrated in the attached firm bios, which details the qualifications and experience of each member of the proposed

leadership team, KFK and Bryson are highly qualified to lead this litigation and should be appointed as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g).

Larry King heads KFK's Consumer Protection Practice, in which Aaron Schwartz has also been significantly involved. The practice represents consumers and public-entity clients in complex litigation involving deceptive and unfair business practices, false advertising, data privacy and cybersecurity, healthcare misconduct, and technology-platform claims, and is distinguished by both substantial monetary recoveries and meaningful injunctive relief requiring defendants to change their business practices. The firm's track record spans consumer, privacy, healthcare, and product-safety litigation, frequently in court-appointed leadership roles. Representative results include a $310 million settlement in the In re Apple iPhone-throttling class action; a $142 million trebled RICO jury verdict against Pfizer in the Neurontin off-label marketing litigation; data-breach and privacy recoveries against Home Depot ($27.25 million), Aetna ($17.2 million), and Caremark/CVS ($4.4 million), along with a favorable Third Circuit ruling in the Horizon Healthcare breach case; and consumer and product-safety recoveries in matters involving Baycol (over $350 million), pre-filled propane tanks ($35 million), Thomas & Friends lead-paint toys ($30 million), and Chipotle ($6.5 million), among others. The firm also works with state attorneys general—such as Mississippi in its consumer-protection suit over the diabetes drug Actos—and continues to litigate active consumer-fraud matters against Kalshi and Avis, among others. For additional information relating to KFK and Mr. King and Mr. Schwartz's accomplishments, please refer to the Firm Resume attached as Exhibit A to the Schwartz Declaration.

Bryson's Scott C. Harris has been a practicing attorney in good standing for almost 20 years. He regularly litigates complex cases and class actions throughout the country and has been

appointed in leadership roles in numerous matters, including: *In re Lumexa Imaging Data Breach Litig.*, No. 5:26-cv-00339-BO (E.D.N.C.) (Interim Liason Counsel); *In re Elk Cross Timbers Decking Mktg., Sales Practices and Prod. Liab. Litig.*, No. 15-cv-00018-JLL-JAD (D.N.J.) (Plaintiffs' Steering Committee member); *In Re: Allura Fiber Cement Siding Litig.*, No. 2:19-mn-02886 (D.S.C.) (Plaintiffs' Steering Committee member); *In Re: MI Windows and Doors, Inc, Prods. Liab. Litig.*, No. 2:12- mn-00001 (D.S.C.); *In Re: Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, No. 1:13-md-02495 (N.D. Ga.); and *In re Generac Solar Power Sys. Mktg., Sales Pract., & Prod. Liab. Litig.*, No. 23-MD-3078 (E.D. Wis. July 18, 2023) (co-lead counsel). During the past several years, Mr. Harris has also been lead counsel, co-counsel, or local in numerous class actions which resulted in significant settlements to the benefit of the classes, including: *Sewall et. al. v. Home Partners Hold. LLC et. al.*, No. 1:25-cv-07849 (N.D. Ill.) ($34 million); *Braun v. Dolgencorp LLC d/b/a Dollar Gen.*, No. MID-L-00950-25 (Sup. Ct. NJ) ($15 million); *Rowland v. Mid-Am. Apt., LP*, No. 1:18CV43 (M.D.N.C.) ($1.1 million); *Dugan v. Nationstar Mortg., LLC*, No. 1:21-CV-00341 (M.D.N.C.) ($10.5 million); *Corbin v. CFRA, LLC*, No. 1:15-cv-00405 (M.D.N.C.) ($1.725 million); *Koepplinger et. al. v. Seterus, Inc.*, No. 1:17-cv-995 (M.D.N.C.) ($7 million); *Wallace v. Greystar Real Estate Partners, LLC*, No. 1:18-cv-00501 (M.D.N.C.) ($4.5 million); *McCord v. PRG Real Estate Manag., Inc.*, No. 1:20-CV-854 (M.D.NC.) ($525,000); and *Williams v. Pegasus Resid.*, LLC, No. 1:18-cv-1030 (M.D.N.C.) ($1.25 million). For additional information concerning the Bryson firm and Mr. Harris' achievements, please refer to the Firm Resume attached to the Schwartz Declaration as Exhibit A.

### C. Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class.

Proposed Interim Co-Lead Class Counsel are willing and able to commit the resources necessary to prosecute Plaintiffs' claims vigorously. KFK and Bryson have proven track records

of success leading complex consumer-protection class actions, and each attorney understands the time, energy, and skill this litigation will demand. They have already demonstrated that commitment here, devoting substantial resources to the case and coordinating among themselves to prepare and file this leadership proposal, and as they have done in prior matters, they will continue to work cooperatively and efficiently on behalf of Plaintiffs and the proposed class.

In short, KFK and Bryson have both the experience and the resources to see this action through to a successful resolution, and they are committed to pursuing the best interests of the class in doing so.

**D. Additional Factors Supporting Appointment Under Rule 23(g)(1)(B).**

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Two such matters weigh decisively in favor of this application.

***First***, counsel have already done what Rule 23(g) is designed to encourage: they have organized cooperatively rather than competitively. Faced with overlapping actions, KFK and Bryson did not file competing leadership applications that would have forced the Court to referee a contest and consumed party and judicial resources. They instead met and conferred and agreed that a unified leadership structure best serves Plaintiffs and the putative Class. Courts and the Manual for Complex Litigation alike favor precisely this kind of private ordering, which spares the Court the burden of imposing a structure and demonstrates at the outset the cooperation that effective class leadership demands. *See* MCL (Fourth) §§ 10.22, 21.272. That counsel achieved this consensus before seeking appointment is itself evidence of their ability to litigate this case efficiently and in the putative Class's interest.

***Second***, the proposed structure embeds genuine local knowledge through Bryson attorneys who are admitted to practice before this Court, as well as the inclusion of Berman Tabacco as

Local Counsel. Berman Tabacco is a firm headquartered in this District with long familiarity with this Court. This is not a formality. As Judge Engelmayer explained in *City of Providence v. AbbVie Inc.*, counsel "long admitted to this Court, and who plan to continue to practice in this Court, are presumptively steeped in its mores and traditions," an assurance that both the lawyers appearing in court and those working "behind-the-scenes in document production and deposition will adhere to and benefit from" local practice. No. 20-CV-5538, 2020 WL 6049139 at *7 (S.D.N.Y. Oct. 13, 2020). The court further emphasized the practical and cost dimensions: where the case "will be tried in [this district], arguments and motion practice will be in [this district], and presumably many of the depositions will be taken in [this district]," counsel already located here "will be able to [substantially assist] those matters without travel," a real economy for the putative class in the event of recovery. *Id*. Those considerations again apply directly here. Bryson's attorneys are admitted to this Court and well-versed in its local rules, and the proposed team makes Berman Tabacco, a District firm with deep experience before this Court, an integral part of the leadership structure, not a nominal local presence. That deliberate design serves the efficiency and cost interests *City of Providence* identified and further supports the requested appointments.

**CONCLUSION**

For the reasons set forth above, Plaintiffs request that the Court grant their motion and enter an order: (1) consolidating the Related Actions pursuant to Fed. R. Civ. P. 42(a) under the caption of the first-filed *Chan* Action, and administratively terminate the *Gordon* Action; (2) appoint KFK and Bryson as Interim Co-Lead Class Counsel and Berman Tabacco as Local Counsel pursuant to Fed. R. Civ. P. 23(g); and (3) set a deadline for Plaintiffs to file a consolidated complaint 30 days from entry of the consolidation order, while also relieving Defendants from responding to the initial complaints in these cases.

DATED: August 20, 2026

Respectfully submitted,

By: /s/ *Aaron Schwartz*
Aaron Schwartz

Aaron Schwartz (*pro hac vice*)
**KAPLAN FOX & KILSHIEMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: 212-687-1980
aschwartz@kaplanfox.com

Laurence D. King (*pro hac vice*)
Sophia V. Pintar (*pro hac vice*)
**KAPLAN FOX & KILSHIEMER LLP**
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: 415-772-4700
lking@kaplanfox.com
spintar@kaplanfox.com

By: /s/ *Scott C. Harris*
Scott C. Harris

Scott C. Harris (BBO# 714774)
James R. DeMay (*pro hac vice*)
**Bryson Harris Suciu DeMay, PLLC**
900 W. Morgan St.
Raleigh, NC 27603
Telephone: (919) 600-5000
sharris@brysonpllc.com
jdemay@brysonpllc.com

J. Hunter Bryson (*pro hac vice*)
**Bryson Harris Suciu DeMay, PLLC**
11 Park Place, 3rd Floor New York, NY
10007
Telephone: (919) 539-2708
hbryson@brysonpllc.com

*Proposed Interim Co-Lead Counsel*

Kathleen M. Donovan-Maher (BBO# 558947)
Steven J. Buttacavoli (BBO# 651440)
**BERMAN TABACCO**
One Liberty Square
Boston, MA 02109
Telephone: 617-542-8300
kdonovanmaher@bermantabacco.com
sbuttacavoli@bermantabacco.com

*Proposed Local Counsel*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was filed electronically with the clerk of court via the CM/ECF document filing service which provided notice of the electronic filing to all parties through their counsel of record.

This the 20th day of August, 2026.

BRYSON HARRIS SUCIU
& DeMAY PLLC

*/s/ Scott C. Harris*
Scott C. Harris