**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JASON GORDON, ARIE WEISSMANN, and JOHNNY HARRIS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DRAFTKINGS, INC. and GUS III LLC d/b/a DRAFTKINGS PREDICTIONS,

Defendants.

Civil Action No. 1:26-cv-13525-WGY

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

On August 20, 2026, Plaintiffs Jason Gordon, Arie Weissmann, and Johnny Harris moved this Court to consolidate the above-captioned case with *Chan v. DraftKings Inc., and GUS III LLC*, Case No. 1:26-cv-13442, direct the filing of a consolidated class action complaint, and appoint Kaplan Fox & Kilsheimer LLP and Bryson Harris Suciu & DeMay PLLC as interim co-lead counsel for the putative class. Dkt. 11. The *Chan* Plaintiff—Michael Chan—has joined in that request.

Defendants DraftKings Inc. and GUS III LLC d/b/a DraftKings Predictions ("Defendants") do not oppose Plaintiffs' request to consolidate these cases *for pretrial purposes only*, but oppose Plaintiffs' request to consolidate these cases for all purposes (or to file an amended consolidated complaint), to consolidate other cases not currently before this Court, and for appointment of interim class counsel.

## I. BACKGROUND

DraftKings Inc. ("DraftKings") is a digital sports entertainment company that offers a

variety of offerings, including but not limited to online and retail sports betting, online casino, daily fantasy sports, and prediction markets.

GUS III LLC ("GUS III") is a wholly owned subsidiary of DraftKings. GUS III facilitates the trading of event contracts—a kind of derivative—by its customers on outcomes across a wide range of markets, including but not limited to sports, finance, politics, cryptocurrencies, economics, culture, and climate. GUS III is a federally registered futures commission merchant, formerly a federally registered introducing broker, and is a member of the National Futures Association. *See Chan* Complaint, ¶¶ 12-13. Like much of the Nation's trillion-dollar derivatives industry, these derivatives contracts are subject to the "exclusive" oversight of the Commodity Futures Trading Commission. 7 U.S.C. § 2(a)(1)(A).

Despite this exclusive federal authority, Plaintiffs maintain that some of DraftKings' event-contract offerings are illegal under various States' gambling laws. Plaintiffs sued GUS III—as well as its parent company, DraftKings—on the theory that Defendants misled the public when they allegedly held out GUS III as a federally registered entity offering federally regulated event contracts.

On July 28, 2026, plaintiff Chan filed *Chan v. DraftKings Inc., and GUS III LLC*, Case No. 1:26-cv-13442. Chan purports to represent two putative classes, a "Multistate Class" and a "California Class," both comprised of persons who "spent money wagering on sports on DraftKings Predictions." *Chan* Complaint, ¶ 78. Count One asserts a claim on behalf of the "Multistate Class" for unjust enrichment, although it does not specify what law governs that claim. *Id.*, ¶¶ 88-95. Count Two asserts a claim on behalf of the "California Class" for violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq*. *Id.*, ¶¶ 96-106.

On August 3, 2026, plaintiffs Gordon, Weissmann, and Harris filed *Gordon, et al. v. DraftKings, Inc. and GUS III, LLC d/b/a DraftKings Predictions*, Case No. 1:26-cv-13525. The *Gordon* plaintiffs assert claims on behalf of a putative "Multi-State Class" of persons in 16 states[1] who "spent money by purchasing sports-related event contracts" on the DraftKings Predictions mobile or web platforms. *Gordon* Complaint, ¶ 103. They also purport to assert claims "in addition and/or alternatively" on behalf of "State Classes or subclasses" in those 16 states. *Id.*, ¶ 104. The *Gordon* plaintiffs allege three claims on behalf of the alleged "Multi-State Class": (1) violation of Massachusetts General Laws ch. 137, § 1; (2) violation of Massachusetts General Laws ch. 93A, Massachusetts' Consumer Protection Act; and (3) unjust enrichment (apparently under generalized common law of the 16 different states). *Id.*, ¶¶ 114-143. They also assert two claims on behalf of a putative "Texas Class": (1) violation of Texas Penal Code §§ 47.01, *et seq.*; and (2) violation of Texas Business and Commerce Code § 17.41-17.63, Texas' Deceptive Trade Practices Act. *Id.*, ¶¶ 144-160. Finally, the *Gordon* plaintiffs assert two claims on behalf of a purported "California Class": (1) violation of California Business & Professions Code §§ 19800, *et seq.*, California's Gambling Control Act; and (2) violation of California's UCL. *Id.*, ¶¶ 161-177.

Plaintiffs together filed the Motion on August 20, 2026. The Motion asks the Court to: (1) consolidate *Chan* and *Gordon* under the caption of the first-filed *Chan* docket and administratively close *Gordon*; (2) appoint Chan's counsel and Gordon's counsel together as Interim Co-Lead Class Counsel, and Berman Tabacco as Local Counsel, for the putative classes of plaintiffs alleged in *Chan* and *Gordon*; and (3) set a deadline for Plaintiffs to file a consolidated complaint.

[1] Those states are Alabama, Alaska, California, Florida, Georgia, Hawaii, Idaho, Nebraska, New Mexico, North Dakota, Oklahoma, Rhode Island, South Carolina, South Dakota, Texas, and Utah. *Gordon* Complaint, ¶103.

## II. ARGUMENT

### A. The Court Should Deny in Part Plaintiffs' Request to Consolidate *Chan* and *Gordon*.

Federal Rule of Civil Procedure 42 provides the Court with several options in dealing with cases involving common questions of law or fact. The Court "may" (1) "join for hearing or trial any or all matters at issue in the actions," (2) "consolidate the actions," or (3) "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3).

Defendants recognize that *Chan* and *Gordon* share some common legal and factual questions. Defendants therefore agree that the cases are related pursuant to Local Rule 40.1(g)(1), and also do not object to consolidating these cases *for pretrial purposes only*. *See* Fed. R. Civ. P. 42(a)(1), (3).

However, there is no basis to consolidate these cases for *all* purposes, or to permit the filing of an amended consolidated complaint, because the cases raise materially different legal issues. For example, *Gordon* alleges 15 more state subclasses than does *Chan*: Alabama, Alaska, Florida, Georgia, Hawaii, Idaho, Nebraska, New Mexico, North Dakota, Oklahoma, Rhode Island, South Carolina, South Dakota, Texas, and Utah.[2] In addition, *Chan* proposes to proceed primarily under California law, whereas *Gordon* also includes substantive claims under Massachusetts and Texas statutes.[3] There is no basis to consolidate *Chan* and *Gordon* for trial, but it is, at a minimum,

[2] It is unlikely that the named *Gordon* plaintiffs could represent most of these subclasses, given that a "named plaintiff cannot adequately represent a subclass when he is not a member of the subclass he seeks to represent." *In re Citigroup, Inc. Cap. Accumulation Plan Litig.*, 2010 WL 9067986, at *11 (D. Mass. Jan. 6, 2010), *aff'd sub nom. In re Citigroup, Inc., Cap. Accumulation Plan Litig.*, 652 F.3d 88 (1st Cir. 2011); *see also Bais Yaakov of Spring Valley v. ACT, Inc.*, 798 F.3d 46, 48 (1st Cir. 2015) (named plaintiffs "must show . . . that they are members of the class" they seek to represent). At the consolidation stage, however, the *Gordon* plaintiffs' assertion of 15 additional subclasses represents a substantial legal difference from *Chan*.

[3] Defendants specifically reserve their right to oppose class certification on all available grounds, including but not limited to the absence of common questions susceptible to common answers, *see*

extremely premature to even consider that question.

**B. The Court Should Deny Plaintiffs' Request to Consolidate Unidentified Cases.**

Regardless of the extent to which the Court decides to consolidate *Chan* and *Gordon*, it should deny Plaintiffs' motion to order the consolidation of cases that are not currently before this Court, including unspecified future cases that have yet to be filed. *See* [Proposed] Order Granting Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel, ¶ 3 (Dkt. 11-1).

Federal Rule of Civil Procedure 42 permits consolidation only of cases that are "before the court." Fed. R. Civ. P. 42. Courts thus have consistently held that cases that are not "pending 'before the court'" cannot be consolidated. *Curtiss v. United States*, 778 F. App'x 56, 57 (2d Cir. 2019); *see also Pan Am. World Airways, Inc. v. U.S. Dist. Ct.*, 523 F.2d 1073, 1080 (9th Cir. 1975) ("Rule 42 may be invoked only to consolidate actions already pending."). That includes, as relevant here, future actions that may or may not be filed. *See, e.g.*, *Tartt v. Bio-Lab, Inc.*, 2024 WL 5339446, at *3 n.10 (N.D. Ga. Nov. 5, 2024) ("[T]he Court will not preemptively consolidate all future related actions" because they must be assessed "on a case-by-case basis."); *Haley v. Macy's, Inc.*, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) ("[T]he Court cannot determine whether consolidation of any future cases is appropriate, and therefore DENIES . . . the motion to consolidate future cases asserting similar claims."); *Scott v. Cunningham*, 2012 WL 1537614, at *1 (W.D. Wash. Apr. 30, 2012) (noting that where a "viable complaint ha[s] not yet been filed" in a second action, a "motion to consolidate . . . [i]s premature").

---

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011), and that common questions do not predominate over individualized questions. Fed. R. Civ. P. 23(b)(3); *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). Defendants also reserve their right to oppose appointment of current Plaintiffs' counsel as class counsel should the Court eventually certify any class.

Local Rule 40.1 and Federal Rule of Civil Procedure 42 already set out the standards by which the Court can determine whether to relate or consolidate any cases that may be presented to the Court in the future, which should be evaluated on a case-by-case basis. Copying the language of these rules into an order consolidating *Chan* and *Gordon* will not relieve the Court from determining in the first instance whether any currently unidentified case meets the requirements of those rules, and will only create confusion as to whether any such cases are properly related or consolidated, or should proceed separately.

**C. The Court Should Deny Plaintiffs' Request to Appoint Interim Co-Lead Class Counsel.**

Regardless of the outcome of Plaintiffs' Motion to Consolidate, the Court should decline their premature request to appoint interim co-lead class counsel. "Ordinarily," there is no need for "formal designation of interim counsel." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. That is because, "[w]hether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." *Id.*; *see Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*, 512 F. Supp. 3d 196, 254 (D. Mass. 2020) (collecting cases).

Certain circumstances may warrant appointing interim class counsel. Specifically, "rivalry or uncertainty" between competing plaintiffs' counsel may make interim appointment "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. In *Smith v. ZOLL Medical Corp.*, one of Plaintiffs' cited cases, there were "three competing motions to appoint interim class counsel." 2024 WL 278264, at *1 (D. Mass. Jan. 25, 2024); *see also*, *e.g.*, *In re Harvard Pilgrim Data Sec. Incident*, 2024 WL 1075145, at *1 (D. Mass. Mar. 12, 2024) ("[t]hree motions"); *Brown v. Saint-Gobain Performance Plastics Corp.*, 2017 WL

11506177, at *1 (D.N.H. May 11, 2017) ("two sets" of motions).[4] The circumstances justifying interim appointment are not present here.[5]

*First*, there does not "appear to be any rivalry between the two firms" seeking appointment, "nor any uncertainty as to their respective roles." *In re Nest Labs Litig.*, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014). To the contrary, "Plaintiffs note that the two firms have been coordinating and collaborating to prosecute the consolidated actions efficiently." *Id.*; *see* Dkt. 12 ("Mot.") 9 (Plaintiffs' counsel have been "coordinating among themselves" and "will continue to work cooperatively and efficiently on behalf of Plaintiffs and the proposed class"). Because "[n]o competition exists among counsel that requires refereeing by the Court," appointment of interim class counsel is unnecessary at this time. *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016). Furthermore, because collaboration is ongoing even without interim appointment, "greater efficiency . . . can only be realized" through appointment "if the Court appoints *one* firm as interim class counsel"—relief Plaintiffs do not seek. *Nest Labs*, 2014 WL 12878556, at *2. It is "[un]necessary to appoint interim class counsel merely to maintain the *status quo*." *Id.*

*Second*, Plaintiffs' discussion of litigation in "other courts," Mot. 5, is irrelevant. "[T]he fact that another similar suit is pending in another court does not, without more, create the sort of

---

[4] In addition to *Smith*, Plaintiffs rely on a decision where appointment was unopposed, *see Ark. Tchr. Ret. Sys. v. State St. Corp.*, 2012 WL 13118446, at *1 (D. Mass. Jan 12, 2012), making it a "weak[]" source of "legal authority," *Burns v. Navistar, Inc.*, 2011 WL 13071147, at *2 (S.D. Cal. Feb. 24, 2011).

[5] Because Plaintiffs have not established that "appointing [interim] class counsel [is] necessary to protect the interests of the putative class," the Court "need not reach the question of whether Plaintiffs' counsel meets the factors outlined under Federal Rule of Civil Procedure 23(g)(1)." *Lindstrom v. Polaris Inc.*, 2025 WL 2469546, at *2 (D. Mont. June 2, 2025). Defendants therefore take no position at this time as to the appropriateness or adequacy of Plaintiffs' counsel to serve as interim class counsel.

rivalry or uncertainty that justifies the appointment of interim counsel." *Doe I v. Weiss*, No. 5:25-CV-827, 2025 WL 1548539, at *3 (N.D. Ohio May 30, 2025) (internal quotation marks omitted). Plaintiffs cite the order appointing interim co-lead counsel in *Piercy v. AT&T Inc.*, 348 F.R.D. 1 (D. Mass. 2024), to support the proposition that "[e]arly appointments are particularly important where, as here, other cases *may* be filed by other counsel in this and other courts." Mot. 5 (emphasis added). But *Piercy* does not state that the speculative possibility that other cases may be filed in other courts is enough to carry Plaintiffs' burden to demonstrate that the appointment of interim class counsel is *necessary* to protect the putative class. It is not sufficient, and Plaintiffs' counsel have not identified any such need.

At this point, Plaintiffs' request for appointment as interim class counsel is premature. "The case has not progressed past the pleading stage," "there are no known overlapping, duplicative, or competing suits" that might cause confusion or prejudice, and there are "no lawyers competing for class counsel appointment at this time." *Lyons v. CoxCom, Inc.*, 2009 WL 6607949, at *2 (S.D. Cal. July 6, 2009). The Court should deny the appointment request without prejudice.

**D. The Court Should Grant Plaintiffs' Scheduling Request.**

If the Court permits Plaintiffs to file an amended, consolidated complaint, Defendants consent to Plaintiffs' requests that Defendants be relieved from responding to the complaints filed to date in *Chan* and *Gordon*, and that the parties be directed to meet and confer about a motion to dismiss briefing schedule.

DATED: September 3, 2026

Respectfully submitted,

*/s/ Andrew S. Dulberg*

Andrew S. Dulberg (BBO#675405)
Peter D. Kalicki (BBO#711875)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: 617.526.6352
Facsimile: 617.526.5000
Andrew.Dulberg@wilmerhale.com
Peter.Kalicki@wilmerhale.com

Richard R. Patch *(Pro Hac Vice* motion to be filed*)*
Timothy P. Crudo *(Pro Hac Vice* motion to be filed*)*
Charmaine G. Yu *(Pro Hac Vice* motion to be filed*)*
Marcia Valadez Valente *(Pro Hac Vice* motion to be filed*)*
Rachel Rose Suhr *(Pro Hac Vice* motion to be filed*)*
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
ef-rrp@coblentzlaw.com
ef-tpc@cpdb.com
ef-cgy@cpdb.com
ef-mvv@cpdb.com
ef-rrs@cpdb.com

Jacob T. Spencer *(Pro Hac Vice* motion to be filed*)*
Abby H. Walters *(Pro Hac Vice* motion to be filed*)*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539
jspencer@gibsondunn.com
ahwalters@gibsondunn.com

Attorneys for Defendants DRAFTKINGS INC. and GUS III LLC